ISAACS v. MINTZ.

LEVY v. SAME.

*(City Court of New York, General Term.    October 6, 1890.)*

NAME—RENDITION OF JUDGMENT.

Where a debtor is equally well known by two names, a judgment against him in either name is good as to him and as to his receiver.

Appeal from special term.

Two actions respectively brought by Morris Isaacs and Hyman Levy against Isaac Mintz. The receiver of defendant appeals from order denying his motion to set aside sale upon executions.

Argued before McADAM, C. J., and EHRLICH and VAN WYCK, JJ.

*Norwood & Coggeshall,* for appellant.    *D. Leventritt,* for respondent.

PER CURIAM. The proof shows that Israel Mintz went by the name of "Isaac Mintz," and the rule is that, when a person is known equally-well by two names, he may be sued or indicted by either name or both. *Eagleston* v. *Son,* 5 Rob. (N. Y.) 640; *Kennedy* v. *People,* 39 N. Y. 250. On this theory the judgment was good as to the debtor, and equally so as to his receiver. The creditors, represented by the receiver, sued the defendant by the name of "Isaac," recovered judgment in that name, and, after the return of an execution, instituted supplementary proceedings, after which they undertook to amend all their prior proceedings *nunc pro tunc* without issuing a new execution, so that the receiver builds his title on the same alleged error of which he complains. If there was fraud in obtaining the judgments, an action will lie to set them aside. For these reasons, and those assigned by the court below, the order appealed from will be affirmed, with costs.